**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CARL EMERSON-BEY, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-12-2696 |
| KEITH ARNOLD, | * | |
| Defendant | * | |
| | *** | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CARL EMERSON-BEY, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-12-2700 |
| BOBBY SHEARIN, | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM**

Pending are motions to dismiss, or in the alternative, for summary judgment filed on behalf of defendants. ECF No. 11, Civil Action No. JFM-12-2696 and ECF No. 10, Civil Action No. JFM-12-2700.[1] Plaintiff has responded. ECF Nos. 16 & 17, Civil Action No. JFM-12-2696 and ECF Nos. 14 & 15 Civil Action No. JFM-12-2700. Upon review of papers and exhibits filed, the court finds consolidation for dispositive review is appropriate. An oral hearing in this matter is unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the motions to dismiss, construed as a motions for summary judgment, will be GRANTED.

**Background**

Emerson-Bey a self-represented inmate, housed at the North Branch Correctional Institution ("NBCI"), initiated these proceedings alleging that on June 21, 2012, he was "unjustly and unfairly

---
[1] The exhibits attached to the two dispositive motions are identical and are indexed identically.

found guilty of" inmate rule violations. He states that on the same date he wrote an appeal to Warden Bobby Shearin. He received a response from defendant Keith Arnold, rather than Shearin, denying the appeal and imposing an additional sanction/penalty, i.e. that upon completion of plaintiff's segregation time, he would not be provided his appliances for thirty days. Plaintiff alleges that this additional sanction is unconstitutional. Plaintiff further alleges that Arnold wrote to plaintiff's sister, Joan Person, making false statements about him. Lastly, plaintiff alleges that Arnold destroyed two ARPs filed by plaintiff regarding his placement on segregation. ECF No. 1, Civil Action No. JFM-12-2696.

Plaintiff further alleges that on June 25, 2012, he sent two ARPs to Warden Bobby Shearin alleging that a housing unit 4 officer conspired to write a fraudulent rule violation against him on June 1, 2012. He claims that Shearin never investigated his ARPs nor acknowledged their receipt. ECF No. 1, Civil Action No. JFM-12-2700. Plaintiff states that he was unjustly found guilty of rule violations during his June 21, 2012 adjustment hearing and that Shearin delayed reviewing his appeal and ultimately entrusted Arnold to review it, without justification. *Id*.

The record evidence before the court indicates that on June 1, 2012, Correctional Officer II Snyder wrote plaintiff a Notice of Inmate Rule Violation, charging plaintiff with violating Rules 104 and 405 (use of intimidating or threatening language and demonstrating disrespect or use of vulgar language). Civil Action No. JFM-12-2695, ECF No. 11, Ex. 1. Snyder averred that on June 1, 2012, while conducting a tier walk, he observed plaintiff violently kicking his door. Snyder approached plaintiff and inquired what was wrong. Plaintiff replied that he needed to take his "fucking medication to the Nurse and the dumbass up there locked me in my cell." Snyder asked CO II Drybola to open plaintiff's cell. Plaintiff exited his cell with his "lips quivering and with clenched fists." He advised Snyder that he needed his inhaler. Snyder told plaintiff that he needed

2

to let someone know, as Snyder was just returning to the tier and did not know what was wrong. Plaintiff told Snyder to "fuck off" and approached the control center where he stated to Drybola "I've been locked up for 30 years, you'd die for that type of shit where I come from." Snyder escorted plaintiff to the medical unit and attempted to counsel him regarding his hostile and disrespectful actions. Plaintiff replied, "I've been locked up for 30 years CO, I don't give a fuck about going to Housing Unit 1. You want to ignore me and do a tier walk, I'll fuck your white ass up." Due to plaintiff's hostility he was locked in his cell and Snyder asked for Drybola's assistance to transfer him to a holding cell. As they placed plaintiff in handcuffs to escort him off the tier, plaintiff stated "I don't give a fuck about going to [housing unit] one, when I get back I will see your pussy white asses on the compound." *Id*.

CO II Drybola also wrote an information report about the incident, indicating that he observed plaintiff come out of his cell and confront Snyder, then walk toward the control center, which Drybola occupied, and ask to speak to him. Drybola indicated plaintiff was in a confrontational state and said in a disrespectful and threatening tone, "I've been locked up for 30 years, you'd die for that type of shit where I come from." Plaintiff then went to the medical room. When he returned he remained disrespectful and confrontational. Drybola also indicated that when he and Snyder escorted plaintiff to the holding cell, plaintiff stated "I don't give a fuck about going to one, when I get back I will see your pussy white asses on the compound." *Id*., Ex. 2. Plaintiff was served with a copy of the notice of Inmate Disciplinary Hearing and Rule Violation on the same day. Plaintiff signed the notice acknowledging receipt and requested the "video camera [be] checked." He did not request any other witnesses or an inmate representative. *Id*., Ex. 1.

On June 21, 2012, a hearing was held on the rule violation before Hearing Officer Sandstrom who found plaintiff guilty of the rule violations. *Id*., Ex. 3. Plaintiff did not request any

3

witnesses but did request Sandstrom view the video of the incident. Plaintiff testified, denying his involvement in the incident, and alleged he had been mixed up with someone else. The evidence presented at the hearing included the notice of rule violation, CO Drybola's statement, plaintiff's testimony, and review of the video of the incident. Sandstrom made written findings of facts. He found plaintiff guilty of the rule violations for making statements such as: "you die for that type of shit" and "I will see your pussy asses on the compound." Sandstrom found that the video of the incident did not contradict the reports form staff. While no audio was available with the video, Sandstrom noted that the video showed plaintiff storming out his cell, waiving his hands and appearing upset. He further noted that plaintiff could be seen on the video going to the control center, waiving his hands over his head and walking quickly out of sight. *Id*. Sandstrom did not find plaintiff's testimony persuasive. He found the video validated staff's report and found that the staff reports were credible and reliable. Plaintiff was found guilty of violating Rule 103 for which he was sanctioned to 120 days segregation and 60 days good conduct credits were revoked. He was also found guilty of violating Rule 405 and sanctioned to a concurrent 15 days of segregation. Plaintiff was provided a written copy of the hearing officer's decision on June 21, 2012. *Id*.

The Warden, or his designee, is required to review findings of guilt made in disciplinary hearings. *Id*., Ex. 4; *See* COMAR 12.02.27.31. In reviewing the hearing officer's findings the Warden is authorized to impose additional informal or alternative sanctions regardless of the sanctions imposed by the hearing officer. *Id*., Ex. 4 & 5; COMAR 12.02.27.31 B.2(b).

Plaintiff appealed the hearing officer's decision on June 21, 2012. *Id*., Ex. 7. Arnold, as the Warden's designee, denied the appeal, and affirmed the hearing officer's decision and sanctions.

*Id*., Ex. 8 & 9. Arnold also approved the recommendation of the Reduction in Violence ("RIV") Committee's[2] recommendation to impose an additional thirty days loss of appliances. *Id*., Ex. 10.

On July 9, 2012, Warden Shearin's office received three ARPs from plaintiff. As the requests did not comport with proper ARP process for filing they were returned to the housing unit manager. *Id*., Exs. 11-14. On July 27, 2012, plaintiff filed ARP NBCI-2029-12 complaining about the thirty day loss of appliances and 120 days of segregation imposed. *Id*., Ex. 15. On August 21, 2012, the ARP was dismissed, after it was determined to be a case management decision which is not grievable through the ARP process. *Id*., Ex. 15.

Plaintiff filed four grievances during 2012 with the Inmate Grievance Office. *Id*., Ex. 16. Case Number IGO 20121717 was in regard to the June 21, 2012 disciplinary hearing. *Id.* Ex. 16. The grievance did not complain about the conduct of Arnold or the imposition of loss of appliances. *Id*., Ex. 17. On December 19, 2012, a hearing was held before the Administrative Law Judge. *Id*., Ex 18. As of the filing of defendants' dispositive motions, no decision had been rendered.

On July 13, 2012, Arnold wrote a letter to plaintiff's sister in response to her inquiry about plaintiff. *Id*., Ex. 5. Arnold advised her that plaintiff had received an notice of infraction on June 1, 2012 for unacceptable actions which compromised the safety of staff and inmates and the security of the normal operations of the institution and had been found guilty of the violations. *Id*.

**Standard of Review**

A.  Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not

---

[2] The RIV developed by the Division of Correction to reduce incidents of inmate violence, permits imposition of additional sanctions to those already imposed through the adjustment process. *Id*., Ex. 6.

require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the

complaint." *Id*. at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B.   Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her

favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

A.  Due Process in Disciplinary Hearings

In prison disciplinary proceedings which bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Plaintiff received all the process he was due. He was given timely advance written notice of the infractions and was permitted to attend the disciplinary hearing and to call witnesses on his own behalf. He also received written findings of the hearing officer. Moreover, the hearing officer's determination of guilty findings was based upon some evidence, i.e. review of plaintiff's testimony, staff statements, the video tape of the events, and the written record, upon which the hearing officer based determinations as to credibility and demeanor.

To the extent plaintiff maintains that the additional thirty days of loss of appliances restriction imposed by Arnold upon the recommendation of the RIV committee violated his right to due process, his claim fails. Principally, there is no additional procedural due process requirement on sentences imposed after a guilty finding or a review and alteration of a sentence imposed after a guilty finding. *See Wolf,* 418 U.S. at 563. Simply stated, plaintiff was not entitled to additional procedural protections in order for the RIV or Arnold to review the adjustment proceedings. Arnold did not revoke additional good conduct credits and thus did not lengthen the amount of time plaintiff must serve. Rather, Arnold simply imposed a restriction upon plaintiff's use of appliances, a restriction which does not impose an atypical or significant hardship in relation to the

9

ordinary incidents of prison life.

B.  ARP process

Likewise, plaintiff's claim of irregularities in the processing of his ARPs is unavailing. The long standing rule has been that prisoners have no constitutional right to participate in an institutional grievance procedure. *See Adams v. Rice*, 40 F. 3d 72, 75 (4th Cir. 1994). While the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires exhaustion of administrative remedies before an action concerning prison conditions may be filed by a prisoner, it does not alter the well-established rule. Rather, as held by the Fourth Circuit, its effect is to require a defendant to raise as an affirmative defense an inmate's failure to exhaust his administrative remedies. *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 682 (4th Cir. 2005). Thus, an inability to access the administrative remedy procedure based on an alleged refusal by prison officials to enforce the rules governing the process does not run afoul of the due process clause. Assuming, *arguendo*, that defendants did not satisfactorily investigate or respond to plaintiff's remedy requests, plaintiff's claim fails as he has failed to allege, much less demonstrate, any injury as a result of the alleged failure to investigate ARPs.

C.  Property

Plaintiff alleges that certain items of his property (23 food items) were destroyed when he was moved to segregation. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post

deprivation remedy.[3] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[4] Even if plaintiff's property were improperly destroyed, such a claim does not rise to a constitutional violation.

D. Defamation

Plaintiff's allegation that Arnold defamed him in his letter to his sister is unavailing. *Paul v. Davis*, 424 U.S. 693 (1976) (defamatory statements along not cognizable under 42 U.S.C. §1983).

E. Conspiracy

A conclusory allegation of a conspiracy, such as is made in this case, is insufficient to state a claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2nd Cir. 1997) (unsupported claim of conspiracy to issue false disciplinary reports fails to state claim); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a meeting of the minds.") (quotation omitted). *Langworthy v. Dean*, 37 F. Supp.2d 417, 424-25 (D. Md.). Plaintiff's bald allegation that Shearin conspired with Arnold, Snyder, Drybola and Keefer is unsupported by the record. Plaintiff offers nothing in support of his claim other than self-serving conclusory averments. Moreover, "not all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Plaintiff has failed to provide any evidence that defendants and/or other prison staff conspired against him in any manner.

## Conclusion

For the aforementioned reasons, defendants' motions, construed as a motion for summary judgment, shall be granted. A separate Order follows.

---

[3] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[4] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

11

<u>May 14, 2013</u>                                              <u>/s/                                   </u>
Date                                                              J. Frederick Motz
                                                                  United States District Judge